# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**CHRISTOPHER STOLLER** and             )
**MICHAEL STOLLER,**                    )
                                        )
     **Plaintiffs,**        )
                                        )
     **v.**                 )     **Civil Action No. 15-1703 (RMC)**
                                        )
**OCWEN FINANCIAL**                     )
**CORPORATION,** *et al.*,              )
                                        )
     **Defendants.**         )
_____ )

## MEMORANDUM OPINION

      Christopher Stoller, acting pro se, sues to enjoin the sale of his home in foreclosure.  As explained below, the motion will be denied and the Complaint will be dismissed for lack of jurisdiction.

      Plaintiffs here are Christopher and Michael Stoller.  The Complaint alleges that Michael Stoller is the current owner of "the Stoller family home," *i.e.*, real property located at 28437 N. 112th Way, Scottsdale, Arizona 85262.  Compl. [Dkt. 1] ¶¶ 50 n.4, 56-57.  Michael Stoller allegedly assigned to Christopher Stoller "any and all cause of action, remedies or claims and the right to prosecute such causes of action in the name of the assignor."  *Id*. ¶ 50 n.4; *see also* Compl., Ex. 1 (Michael Stoller's assignment of rights to Christopher Stoller); Mot. for TRO [Dkt. 2] ¶ 1 (Christopher Stoller "holds rights to the property" on 112th Way in Scottsdale, Arizona).  The Complaint seeks a temporary restraining order, preliminary injunction, and pre-sale injunction to prevent an alleged fraudulent mortgage foreclosure and trustee sale to take

place on October 28, 2015.[1]  Compl. ¶¶ 56-61; *see also* Compl., Ex. 8 (Notice of Trustee Sale). Christopher Stoller also filed a motion to enjoin the foreclosure sale.  Mot. for TRO ¶¶ 2-3.

Only Christopher Stoller signed the Complaint and motion.  A litigant may proceed in federal court on behalf of himself or by properly admitted counsel, *see* 28 U.S.C. § 1654, but a layman cannot represent another person in a court proceeding, *see Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984).  Michael Stoller did not sign the Complaint or the motion for injunctive relief, and no counsel has appeared for him.  Christopher Stoller, as a pro se co-plaintiff, cannot represent Michael Stoller.  Accordingly, Michael Stoller will be dismissed as a party to this suit.

The entire Complaint arises from the pending foreclosure sale.  Compl. ¶ 62 ("This case involves a fraudulent mortgage foreclosure and the practices of Defendants in connection with Ocwen's racketeering.").  The Complaint names 50 Defendants, each allegedly connected to the mortgage and the pending foreclosure sale: Ocwen Financial Corporation (Ocwen) and numerous Ocwen officers and directors; Western Progressive-Arizona, Inc., a loan servicing company; Premium Title Service, Inc., a title insurer; Altisource Portfolio Solutions, S.A., a financial services corporation, and its counsel; Counsel to Ocwen's officers and directors; Office of Mortgage Settlement Oversight and Monitor Joseph Smith; Bradley Arant Boult Cummings, LLP, a law firm, and its partners; Ocwen employees; Wright Finlay & Zak, LLP, a law firm, and its partners; Litton Loan Servicing, LP, acquired by Ocwen in September 2011;

---

[1] Ocwen is subject to a Consent Judgment issued by this Court.  *See Consumer Financial Protection Bureau v. Ocwen Financial Corp.*, No. 13-2025 (D.D.C.) (Consent Judgment filed Feb. 26, 2014).  The Consent Judgment requires Ocwen to provide billions of dollars in mortgage relief and provides for an independent monitor, Joseph A. Smith, Jr., to oversee Ocwen's compliance.  Christopher Stoller moved to intervene in that case, but the motion was denied.  *Id.*, (Mem. Op. & Order filed Oct. 15, 2014).

Homeward Residential Holdings, Inc. and American Home Mortgage Service, Inc., servicers of

residential mortgages; and John Does 1-10, alleged to be Defendants' lawyers, predecessors,

partners, associates, agents, employees, affiliates, and subsidiaries.  *See* Compl. ¶¶ 1-50, 69-91.[2]

The Complaint alleges 19 counts:

> Count 1—Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692;
>
> Count 2—Violation of Discharge Injunction under 11 U.S.C. § 524 (alleging that the debts of Phillip Stone, Christopher Stoller's predecessor in interest in the property, were discharged in bankruptcy);
>
> Count 3—Failure to Comply with Applicable Law (*i.e.*, failure to provide notice of the foreclosure sale under federal and State law);
>
> Count 4—Document Fraud;
>
> Count 5—Counterfeiting and Forgery;
>
> Count 6—Civil Rights (*i.e.*, violation of due process due to failure to provide notice of foreclosure sale);
>
> Count 7—Tortious Inducement of Breach of Fiduciary Duty;
>
> Count 8—Civil Conspiracy;
>
> Count 9—Willful and Wanton Negligence;
>
> Count 10—Consumer Fraud;
>
> Count 11—Deceptive Trade Practices;
>
> Count 12—Aiding, Abetting and Conspiracy;
>
> Count 13—Negligent Hiring and Supervision;
>
> Count 14—Violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961-1968;

---

[2] Individuals are named in their official and individual capacities.  Many of the Defendants are referred to in Christopher Stoller's objection to the trustee sale.  *See* Compl., Ex. 19 (Objections).

3

Count 15—Fraud;

Count 16—Intentional and Emotional Distress;

Count 17—Wrongful Foreclosure;

Count 18—Slander of Title; and

Count 19—Law Action to Quiet Title.

Compl. ¶¶ 92-201.

While *pro se* pleadings are construed liberally, *see United States v. Byfield*, 391 F.3d 277, 281 (D.C. Cir. 2004); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this Court must have jurisdiction in order to adjudicate a claim. *See United States v. Hays*, 515 U.S. 737, 742 (1995) (a court has an independent obligation to inquire into its jurisdiction). When determining whether a case should be dismissed for lack of jurisdiction under Rule 12(b)(1), a court reviews the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged. *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004). Nevertheless, "the Court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions." *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006). Further, in deciding whether it has jurisdiction, a court may consider materials outside the pleadings. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005). No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is an Article III and statutory requirement. *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).

Plaintiff seeks to enjoin or void an Arizona state court foreclosure action and sale, but this Court must abstain from exercising jurisdiction. This Court is not a reviewing court and

lacks jurisdiction to compel another court to act.  *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions).  To the extent the matter is still pending in Arizona State Court, this Court is restrained from interfering under the *Younger* abstention doctrine.  *See Younger v. Harris*, 401 U.S. 37, 45 (1971) ("[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions.").[3]  To the extent that the matter is not still pending and the foreclosure sale was scheduled pursuant to a final state court judgment, the Court must abstain under the *Rooker-Feldman* abstention doctrine.  This doctrine, named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), provides that a federal district court has no jurisdiction over actions which essentially seek "appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."  *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994); *see also Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) (*Rooker-Feldman* prohibits federal courts from "hearing cases that amount to the functional equivalent of an appeal from a state court").  In a case like this one, *Tremel v. Bierman & Geesing, LLC*, 251 F. Supp. 2d 40 (D.D.C. 2003), the plaintiff was a mortgagor who challenged a state court's decision to ratify the foreclosure sale of his residence.  He sought possession of his residence and damages, alleging a due process violation, fraud, and discrimination.  *Tremel*, 251 F. Supp. 2d at 46 n.8.  Since the plaintiff sought the equivalent of appellate review of state court rulings, the district court dismissed the suit for lack of jurisdiction under *Rooker-Feldman. Id*. at 45–46.  Similarly,

---

[3] *Younger* abstention arises from strong policies of comity and federalism that counsel against the exercise of jurisdiction where state proceedings have already begun.  *See Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626–27 (1986); *see also District Properties Assoc. v. District of Columbia*, 743 F.2d 21, 27 (D.C. Cir. 1984).

Christopher Stoller raises due process claims and fraud in connection with the scheduled foreclosure sale of his property.  This Court must abstain from exercising jurisdiction under *Younger* and *Rooker-Feldman*.[4]

For the reasons explained above, Christopher Stoller's motion for a temporary restraining order, preliminary injunction, and pre-sale injunction [Dkt. 2] will be denied and the Complaint will be dismissed for lack of jurisdiction.

Date:  October 22, 2015                                        _____/s/_____

ROSEMARY M. COLLYER
United States District Judge

---

[4] Further, Christopher Stoller lacks standing to sue on Counts 1 and 2 because those Counts assert the rights of others, not rights inuring to Mr. Stoller.  *See* Compl. ¶¶ 94, 98-99 (alleging that the debts of Phillip Stone, Stoller's predecessor in interest in the property, were discharged in bankruptcy, and that Defendants violated the discharge injunction); ¶ 94 (alleging that Defendants sent out over 265,000 unlawful debt collection letters to defraud homeowners).  To have Article III standing, a plaintiff must allege: "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  Counts 1 and 2 do not allege that Christopher Stoller has standing to bring those claims.